## CHARLES H. STEEL & others *vs.* CALVIN JOHNSON.

An uninterrupted and exclusive occupation, by a married woman, of real estate for more than twenty years as her own, vests in her a valid title, and her husband may avail himself thereof in defence to a writ of entry brought against him by the heirs of one to whom, within the twenty years, he has executed a deed of release thereof.

WRIT OF ENTRY. At the trial in the superior court, upon facts which were not in controversy, and which are stated in the opinion, *Morton*, J. ruled that the demandants were not entitled to recover; and, a verdict having been returned for the tenant, reported the case for the determination of this court.

*G. T. Davis & S. O. Lamb*, for the demandants.

*D. Aiken*, for the tenants.

MERRICK, J. The demanded premises were formerly owned by Levi Steel, the father of Laura Johnson, who is the wife of the tenant. On the 12th of March 1827, in pursuance of some arrangement, apparently for the division of his property among his children, the details of which are not fully developed, Mrs. Johnson gave to him a paper in which she acknowledged the payment to her of the sum of $300, and signified her release and quitclaim therefor of all her right, title and interest in and to any part of his real or personal estate. The consideration of this release consisted solely of the demanded premises, of which she was soon after put in possession by him. It is unnecessary to consider the legal effect of this instrument any further than as it tends to show that her subsequent occupation and possession of the estate were under a claim of title. If no deed of the estate was then made to her, of which no evidence has been produced, her entry upon and exclusive occupation of it under these circumstances constituted a disseisin of Levi Steel. And it is admitted that she thereafter continued in the open, notorious and uninterrupted possession of the premises, claiming title thereto, and continued to hold such possession under the claim of title for more than twenty years. This

was all well known to him. And, by operation of law, she thereby became invested with title to the estate which he could not during his life, and which the demandants claiming under him cannot now successfully contest.

But on the 23d of September 1836 Levi Steel and John Steel, to whom Levi Steel had formerly conveyed one undivided half of the premises, but who had never been in possession thereof, made their several deeds of warranty of the same to Calvin Johnson, who in April 1843 released all his interest therein to Levi Steel. And the demandants rely upon these conveyances as an effectual objection to the title set up by Laura Johnson. But it appears that Levi Steel never availed or attempted to avail himself of the release to him; and that, notwithstanding those formal conveyances, her possession was never interrupted or disturbed, but she continued as before in the exclusive occupation of the estate, under a claim of right and title thereto. She was not bound to take notice of those attempted conveyances, to which she was no party, and she took no notice of them, but continued to assert and maintain her right until, by the lapse of time and long continued possession, she became invested with an indefeasible title.

The tenant makes his defence under this title and in the right of his wife, the said Laura Johnson, and the demandants having failed to show any superior right, judgment must be rendered on the verdict for the tenant.